IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MESH COMM, LLC, § § Plaintiff, § § v. § § EKA SYSTEMS, INC.; and § TAMP ELECTRIC COMPANY, § § Defendants. § § § § | Civil Action No. 8:09-CV-01064-VMC-TGW |

**DEFENDANT EKA SYSTEMS, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

**I.    INTRODUCTION**

Defendants Eka Systems, Inc. ("Eka") and Tampa Electric Company ("Tampa Electric") move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss this patent infringement action. Plaintiff Mesh Comm, LLC's ("Mesh Comm") patent infringement complaint ("Complaint") fails to state a claim upon which relief can be granted. Indeed, the bare-bones Complaint fails to identify the allegedly infringing products or services accused by Mesh Comm, much less explain its various theories of infringement against each Defendant. At a minimum, the Complaint lacks sufficient factual allegation to provide fair notice of the claims against the Defendants. Therefore, the Court should grant

Defendants' Motion to Dismiss, or in the alternative, order Mesh Comm to provide a more definite statement.

## II. BACKGROUND

On June 8, 2009, Mesh Comm filed suit against Defendants for alleged infringement of U.S. Patent No. 7,379, 981 ("the '981 patent"). *See generally* Compl. Mesh Comm alleges that "Defendants have infringed and continue to infringe" directly or through the doctrine of equivalents "by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, wireless communication enabled meters and networks." *Id.* ¶ 11. Mesh Comm also alleges that Defendants have "contributed to the infringement ... and/or actively induced others to infringe one or more claims of the '981 patent, in this District and elsewhere in the United States." *Id.* Mesh Comm further alleges that Defendants' infringement is willful and consequently seeks enhanced damages and attorneys' fees. *Id.* ¶ 14.

But Mesh Comm fails to identify the actual products or services accused of infringement in its Complaint. Furthermore, Mesh Comm accuses both Defendants of infringement under multiple theories of infringement in a single count, without specifying which theory of infringement applies to each Defendant or providing sufficient factual allegations to support each theory. And, prior to filing suit, Mesh Comm did not provide Defendants with notice of the '981 patent or the products purportedly covered by the patent. Thus, Defendants have no source of information regarding the substance of Mesh Comm's claims other than the Complaint. Defendants accordingly file this Motion to dismiss or for a more definite statement.

### III.   ARGUMENT

#### A.   LEGAL STANDARD.

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The Supreme Court made clear in *Twombly* that "a formulaic recitation of the elements of a cause of action will not do," and a plaintiff must include factual allegations sufficient to "raise a right to relief above the speculative level." *Id.*

A plaintiff in a patent infringement case must provide sufficient facts in the complaint to "'outline or adumbrate' a viable claim for relief." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). Although Rule 8(a)(2) provides that a pleading "that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief, "mere boilerplate sketching [of] the elements of a cause of action" is not sufficient to provide fair notice of a patentee's claims. *Id.* The Federal Rules "require that the defendant be given 'fair notice of (1) what the plaintiff's claim is and (2) the grounds upon which it rests.'" *Id.* at 960. Courts have consistently dismissed patent infringement actions under Rule 12(b)(6), where the plaintiff failed to identify specifically the accused infringing product in the complaint or the type of alleged infringement. *See, e.g., Quito Enters., LLC v. Netflix, Inc.*, No. 08-23543-CIV, slip op. (S.D. Fla. Aug. 4, 2009) (attached hereto as Exhibit 1) (dismissing patent infringement claims); *Gen-Probe, Inc.*, 926

3.

F. Supp. at 961; *Ondeo Nalco Co. v. Eka Chems., Inc.*, Case No. Civ.A. 01-537-SLR, 2002 WL 1458853, at *1-2 (D. Del. June 10, 2002) (counterclaims for patent infringement dismissed because they were "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents"); *see also Wilkerson v. Wendover, Inc.*, Civ. A. No. 06-450-JJF, 2007 U.S. Dist. Lexis 53299, at *3-4 (D. Del. July 23, 2007).

If a complaint fails to specify the allegations in a manner that provides sufficient notice, a defendant can and should move for a more definite statement under Rule 12(e) before responding. *See United States ex. rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2009 WL 764528, at *9 (M.D. Fla. Mar. 20, 2009) (Covington, J.); *see also Martek Biosciences Corp. v. Nutrinova Inc.*, Civ. A. No. 03-896 GMS, 2004 US. Dist. LEXIS 20469, at * 5 (D. Del. Oct. 8, 2004) (granting plaintiffs motion for a more definite statement of counterclaim). Rule 12(e) provides that a party "may move for a more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement is necessary where, as here, a plaintiff asserts multiple claims against more than one party in a single count. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); Rule 10(b) ("each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense"). Rule 12(e) is also applicable where a pleading is unintelligible or the issues cannot be determined. *See CFMT, Inc. v. Yieldup Int'l Corp.*, No.CIV.A.95-549-LON, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996); *see Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 1962). Courts have consistently granted motions for more definite statement in patent cases where pleadings failed to identify

specifically the products accused of infringement. *See, e.g., Martek Biosciences Corp.*, 2004 U.S. Dist. LEXIS 20469, at *5; *In re Papst Licensing GmbH Patent Litig.*, No. Civ. A. MDL 1298 & Civ. A. 99-3118, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) (concluding that the plaintiff's complaint must be amended to specifically identify which of the defendant's products are alleged to have infringed the plaintiff's patents); *Bay Indus. v. Tru-Arx Mfg.*, Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *3-4 (E.D. Wis. Nov. 29, 2006) ("courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter").

### B. THE COURT SHOULD DISMISS MESH COMM'S COMPLAINT BECAUSE IT FAILED TO IDENTIFY THE SPECIFIC PRODUCTS ACCUSED OF INFRINGEMENT.

The Court should dismiss Mesh Comm's Complaint pursuant to Rule 12(b)(6) because it fails to provide the minimum information required to state a claim for patent infringement. *See Quito*, slip op. at 2. Significantly, the Complaint fails to identify the specific products or services Mesh Comm accuses of infringement. In the Complaint, Mesh Comm merely alleges that Defendants' "wireless communication enabled meters and networks" infringe. Compl. ¶ 11. But Defendants make, use, or sell various products that arguably fall within that generic description. Eka makes, uses, or sells many different products that implicate wireless communications, meters, and networks, including: electric, water, and gas Smart Network Meter Nodes; Wireless Gateways; Network Manager and Data Manager software packages; tools for Smart Network deployments and maintenance, such as EkaNet Surveyor, Gateway Maintenance Manager, and Node Maintenance Manager; and EkaNet, including backend servers and databases. Ex. 2. And, Tampa Electric uses various

automated meters to monitor the electric consumption of its customers. Ex. 3.

Similarly, in *Quito*, the plaintiff's patent infringement complaint failed to identify the allegedly infringing products. The plaintiff generically accused "internet media products and associated services" of patent infringement. *Quito*, slip op. at 1. Furthermore, the plaintiff used the same generic allegation of infringement against each of the defendants in the case. *Id.* The district court found that the patent infringement complaint failed to identify the specific products accused of infringement and the specific theory of infringement. *Id.* at 2. The district court dismissed the patent infringement complaint, concluding that the allegations in the complaint were "conclusory and fail[ed] to assert sufficient factual details to survive a motion to dismiss under Rule 12(b)(6)." *Id.* at 1.

The Court should also dismiss Mesh Comm's claims of contributory and induced infringement. As a threshold matter, Mesh Comm's Complaint improperly lumps both of these theories of infringement along with its direct infringement theory into a single count against both Defendants. *See Anderson*, 77 F.3d at 366 n.4 ("each claim founded upon a separate transaction or occurrence … [must] be stated in a separate count [or defense]"); *Quito*, slip op. at 2 (finding patent infringement complaint provided "no specificity whatsoever regarding … whether the alleged infringement is direct or indirect"); *see also* Rule 10(b). Indeed, Mesh Comm fails to identify which theories of infringement are asserted against each Defendant. Moreover, Mesh Comm fails to set forth sufficient factual allegations to state claims of contributory and induced infringement.

In order to state a claim for contributory infringement, Mesh Comm must allege that Defendants offered to sell or sold a "component of a patented machine … constituting a

material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Mesh Comm fails to allege that either Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device. Rather, Mesh Comm merely alleges that Defendants have "contributed to the infringement of one or more claims of the '981 patent." Compl. ¶ 11. But that is not sufficient to state a claim of contributory infringement by either Defendant. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C03-2517-MJJ, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003) (dismissing plaintiff's contributory infringement claim for failure to identify material component of an infringing device).

To state a claim for induced infringement, a plaintiff must allege that (1) the inducer had specific intent to cause the acts that constitute direct infringement, and (2) the acts that constitute direct infringement were performed by a party other than the inducer. *See Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Here, Mesh Comm has not alleged that Defendants had any specific intent or that any third party directly infringed or continues to infringe the patent-in-suit. Thus, Mesh Comm has failed to state a claim of induced infringement. *See Hewlett-Packard*, 2003 WL 23884794, at *2 (dismissing insufficiently pleaded induced infringement claim).

As the Supreme Court has cautioned, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983). Other than their participation in an un-paid joint pilot project involving electric

metering in two high-rise buildings in Tampa (Ex. 4). Defendants are left to speculate as to: (1) why they were sued together in this Court; (2) which products or services that they make, use, or sell are accused of infringement; and (3) Mesh Comm's theory of infringement against each. But a "defendant should not have to guess which of its products infringe." *Bay Indus.*, 2006 U.S. Dist. LEXIS 86757, at *4. Indeed, Defendants should not be required to engage in a time consuming investigation of all of their products or services or begin costly discovery without knowing the specific products that Mesh Comm believes infringe its patent and Mesh Comm's specific theory of infringement. Accordingly, the Court should dismiss Mesh Comm's Complaint.

### C. ALTERNATIVELY, THE COURT SHOULD ORDER MESH COMM TO PROVIDE A MORE DEFINITE STATEMENT.

Mesh Comm's bare-bones Complaint fails to provide the minimum information necessary to provide Defendants with notice of the claims asserted against them. As explained above, the Complaint fails to identify the specific products accused of infringement. Therefore, the Court should require Mesh Comm, at a minimum, to identify the specific products or combination of products made, used, or sold by each Defendant that it believes infringed or continue to infringe its patents. *See Martek Biosciences*, 2004 U.S. Dist. LEXIS 20469, at *5; *In re Papst Licensing*, 2001 WL 179926, at *2.

As detailed above, the Complaint is so vague and ambiguous that it does not distinguish the theories of contributory and induced infringement. Thus, the Court should order Mesh Comm to plead its specific theory of contributory infringement for each Defendant, including (a) the specific component or product sold by each Defendant, and (b) the infringing device to which the component or product is a material part. Regarding Mesh

Comm's induced infringement claim, the Court should order Mesh Comm to provide factual allegations of (a) specific intent, and (b) third party infringement.

The Complaint in its current state prevents Defendants from framing a proper responsive pleading, conforming their conduct, if necessary, to avoid allegations of willful infringement, or alerting third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe*, 926 F. Supp. at 960-61 & n.20. Accordingly, if the complaint is not dismissed outright, the Court should grant Defendants' alternative request for a more definite statement.

## IV. CONCLUSION

For the reasons set forth herein, the Court should grant Defendants' Motion to Dismiss. Alternatively, Mesh Comm should be ordered to amend its pleading to provide a more definite statement.

Dated: August 10, 2009                    Respectfully submitted,

                                                  s/ William F. Jung
William F. Jung
Fla. Bar No. 380040
**JUNG & SISCO, P.A.**
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: 813.225.1988
Facsimile: 813.225.1392
wjung@jungandsisco.com

Jonathan G. Graves (pro hac vice pending)
jgraves@cooley.com
Justin P.D. Wilcox (pro hac vice pending)
jwilcox@cooley.com
**COOLEY GODWARD KRONISH LLP**
One Freedom Square
Reston Town Center
11951 Freedom Drive

9.

Reston, VA 20190-5656
Telephone: 703.756.8119
Facsimile: 703.456.8100

**ATTORNEYS FOR EKA SYSTEMS, INC. AND TAMPA ELECTRIC COMPANY**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 6, 2009, counsel for Defendants Eka Systems, Inc. and Tampa Electric Company met and conferred telephonically with counsel for Plaintiff Mesh Comm, LLC as required by Local Rule 3.01(g). Counsel for Plaintiff and counsel for Defendants do not agree on the relief requested in this motion.

                                                         s/ William F. Jung
                                                         William F. Jung

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I presented this motion to the Clerk of the Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF") system.

                                                         s/ William F. Jung
                                                        William F. Jung