# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-23543-CIV-JORDAN

| | |
|---|---|
| QUITO ENTERPRISES, LLC, | ) |
|       Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| NETFLIX, INC., *et al.*, | ) |
| | ) |
|       Defendants | ) |

**ORDER GRANTING MOTION TO DISMISS**

    NBC Universal's and News Corp.'s motion to dismiss [D.E. 99] is GRANTED. NBC Universal's and News Corp.'s motion for oral argument [D.E. 100] is DENIED.

    This is a patent infringement case in which Quito Enterprises alleges that the defendants make, use, license, sell, offer for sale, or supply internet media products and associated services that infringe its Patent No. 5,890,152, entitled "Personal Feedback Browser for Obtaining Media Files." *See* Compl. ¶¶ 20-21. The sole count in the complaint asserts that, upon information and belief, each defendant has infringed and continues to infringe the '152 Patent by making, using, offering to sell, selling, and/or importing internet media products and associated services that utilize the systems and methods disclosed and claimed in the '152 Patent. No specific products or claims, however, are identified. *See id.* at ¶¶ 23-35. In fact, the same paragraph, with identical language, is asserted against each of the thirteen defendants. *See id.*

    The allegations in the complaint are conclusory and fail to assert sufficient factual details to survive a motion to dismiss under Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal quotation marks and citations omitted). *See also Financial Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Twombly,* 550 U.S. at 554-55). The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Id.*

Here, the allegations in the complaint fail to meet this standard as there is no specificity whatsoever regarding when the alleged infringement occurred, what products are infringing on the '152 Patent, and whether the alleged infringement is direct or indirect. The complaint is therefore DISMISSED WITHOUT PREJUDICE as to NBC Universal and News Corp.

By no later than August 18, 2009, Quito Enterprises must file its amended complaint. In light of my decision to dismiss the complaint without prejudice, I need not address News Corp.'s personal jurisdiction arguments at this time.

DONE and ORDERED in chambers in Miami, Florida, this 4th day of August, 2009.

*Adalberto Jordan*
Adalberto Jordán
United States District Judge

Copy to:   All counsel of record