UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MESH COMM, LLC,

    Plaintiff,

v.                          Case No. 8:09-cv-1064-T-33TGW

EKA SYSTEMS, INC.; and
TAMPA ELECTRIC COMPANY,

    Defendants.

_____/

**<u>ORDER</u>**

This matter is before the Court on Defendants' Motion to Dismiss, or, in the Alternative for a More Definite Statement (Doc. # 18), filed on August 10, 2009. Plaintiff filed an Opposition thereto (Doc. # 19), on August 26, 2009. For the following reasons, Defendants' Motion to Dismiss, on in the Alternative for a More Definite Statement is denied.

**I.    Background**

Mesh Comm, LLC ("Plaintiff") was issued United States Patent No. 7,379,981, titled "Wireless Communication Enabled Meter and Network" ("'981 Patent"), on May 27, 2008. (Doc. # 1 at 2). On June 8, 2009, Plaintiff filed a complaint against EKA Systems, Inc. and Tampa Electric Company ("Defendants"), including a single count against both Defendants for infringement of the '981 Patent. <u>Id.</u> Plaintiff alleges that Defendants "have infringed

and continue to infringe, either directly or through the doctrine of equivalents, one or more claims of the '981 patent by making, using, importing, providing, offering to sell, advertising and/or selling . . . wireless communication enabled meters and networks." Id. at 2. Plaintiff alleges that the infringement by Defendants was "willful and deliberate." Id. at 3. Plaintiff further alleges that Defendants have willfully induced others to infringe on the '981 patent. Id. at 2.

**II. Analysis**

Defendants now move to dismiss the complaint or, in the alternative, for a more definite statement contending that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted. Defendants argue that Plaintiff's Complaint fails to identify the products or services that infringe on the patent. Defendants further submit that the Complaint, at a minimum, "lacks sufficient factual allegations to provide fair notice of the claims against the Defendants."

Defendants also contend that the Court should dismiss Plaintiff's claims for contributory and induced infringement because Plaintiff fails to identify which theories of infringement are asserted against each Defendant and fails to include sufficient factual allegations to establish the claims.

Plaintiff counters that the Complaint includes sufficient facts to establish an infringement claim against the Defendants and to give Defendants "fair notice of what the claim is and the grounds upon which it rests." (Doc. # 19 at 2). Plaintiff argues that it is not required to list the names of specific products that infringe Plaintiff's patent. Plaintiff also contends that the factual allegations provided are sufficient to establish a claim of indirect or contributory infringement.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim when the other party fails to include a claim upon which relief can be granted. However, under the Federal Rules, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nonetheless, the claim must include more "than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted).

Specifically, in patent infringement cases, the Federal Circuit has held that a party claiming patent infringement only needs to: (1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific sections of the

patent law invoked. Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000); see also Gelsomino v. Horizon Unlimited, Inc., NO. 07-80697-CIV, 2008 U.S. Dist. LEXIS 68907, *6 (S.D. Fla. 2008)(stating that "[i]n analyzing claims arising under the Patent Act, the Court is bound by decisions of the U.S. Court of Appeals for the Federal Circuit"); Malloy v. Wiseman, No. 2:07-cv-6-FtM-29SPC, 2008 U.S. Dist. LEXIS 2615, *10 (M.D. Fla. 2008) (applying the pleading standard established in Phonometrics to a patent infringement claim).

Plaintiff has alleged all of the required elements to assert a claim for direct and indirect or contributory patent infringement. First, Plaintiff has asserted that it owns the '981 patent. (Doc. # 1 at 2). Second, Plaintiff has alleged the names of each individual defendant. Id. at 1. Third, Plaintiff has alleged that the '981 patent was infringed. Id. at 2. Fourth, Plaintiff alleges that Defendants have infringed the patent by "making, using, importing, providing, offering to sell, advertising and/or selling . . . wireless communication enabled meters and networks." Id. Finally, Plaintiff has alleged that Defendants' actions invoke, *inter alia*, 35 U.S.C. § 271. Id. at 1. Therefore, Plaintiff's Complaint includes a valid cause of action for patent infringement against Defendants. Consequently, the facts of this case do not merit dismissal or require a more definite statement.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendants' Motion to Dismiss, or, in the Alternative for a More Definite Statement (Doc. # 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties and Counsel of Record